**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENTON DUANE AVERY, ) | No. C 05-0700 CW (PR) |
| ) | |
| Petitioner, ) | |
| ) | ORDER OF DISMISSAL AND GRANTING |
| v. ) | LEAVE TO PROCEED IN FORMA |
| ) | PAUPERIS |
| SCOTT KERNAN, Facility ) | |
| Warden, ) | (Docket nos. 2, 4) |
| ) | |
| Respondent. ) | |
| _____ ) | |

INTRODUCTION

Petitioner Brenton Duane Avery, a prisoner of the State of California incarcerated at the California State Prison-Sacramento, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for in forma pauperis status.  Venue is proper in this judicial district because Petitioner was convicted and sentenced in Sonoma County Superior Court.  See 28 U.S.C. § 2241(d).

BACKGROUND

According to the allegations in the petition a jury found Petitioner guilty of robbery, attempted robbery, assault with intent to commit serious bodily injury, and two sentence enhancements.  On October 16, 2002, the trial court sentenced Petitioner to sixty years to life in State prison.  The California Court of Appeal affirmed the judgment of conviction in 2003. Petitioner did not seek review from the State supreme court or seek other State post-conviction relief.  He filed his federal habeas corpus petition on February 16, 2005.

EXHAUSTION

Prisoners in State custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement

are first required to exhaust State judicial remedies by presenting the highest State court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  If available State remedies have not been exhausted as to all claims, the district court must dismiss the petition.  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available State remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In order to exhaust, the State's highest court must be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").  However, if it is clear that the State court would reject a petitioner's attempt to exhaust State remedies by holding the claim procedurally barred under State law then the exhaustion requirement is satisfied.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  In that event the claim is procedurally barred from review in the federal habeas case as well.  See Coleman v. Thompson, 501 U.S. 722, 735 n.1, 750 (1991).  But if the State gives a petitioner with a potentially procedurally defaulted claim a second chance to raise the claim in the State's high court and he takes advantage of that chance, he properly exhausts his claim and avoids procedural default.  See Park v. California, 202 F.3d 1146, 1153-54 (9th Cir. 2000) (petitioner who failed to seek direct review from Supreme Court of California properly exhausted his claim and avoided procedural default because Supreme Court of California provided him with

second chance to present his claim via State habeas).

Because Petitioner's federal habeas petition indicates that he did not present his claims to the State supreme court for review, either in a petition for review or in a State petition for a writ of habeas corpus, his federal petition is unexhausted and must be DISMISSED.  This dismissal is without prejudice to Petitioner returning to State court to exhaust his State remedies and then filing a new federal habeas corpus petition.  Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his State court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

Leave to proceed in forma pauperis is GRANTED.  (Docket nos. 2, 4).

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  11/9/05

_____
CLAUDIA WILKEN
United States District Judge